# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LIBERTY SALAD, INC., et al.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **GROUNDHOG ENTERPRISES, INC.** | : | No. 17-CV-226 |

## MEMORANDUM AND ORDER

**Ditter, J.**                                                                                                                          **July 7, 2017**

The plaintiffs, Liberty Salad, Inc. and 18th Street Salad, Inc., are two businesses that engaged the defendant Groundhog Enterprises, Inc., to provide debit and credit card payment processing services. Plaintiffs have filed a class action complaint seeking a declaratory judgment that no contract between the parties exists or if there is, that certain terms of the contract are invalid. Plaintiffs also raise claims of unjust enrichment, breach of contract, and fraud. Defendant has filed a motion to dismiss the complaint.

For the reasons discussed below, the motion to dismiss will be denied.

I. Factual background

Plaintiffs contend they represent merchants who have been unfairly and deceptively overcharged for debit and credit card payment processing services by the defendant. Plaintiffs claim Defendant entices merchants to engage them with promises of transparency and substantial savings, including promising a single, all-inclusive flat rate. Once the merchant switches to the defendant's service, additional, unexplained fees are imposed unilaterally.

To obtain the services of the defendant, merchants complete a pre-printed application form. Defendant contends that the Application, along with the "Program Guide" available on its web address, (collectively referred to as the Agreement), constitute the contract between the parties. However, the Application provides, in part:

> By signing below, Merchant and the Undersigned agree, acknowledge and understand that: a) The Agreement will not take effect unless and until Merchant has been approved by Bank and IPayment and Merchant is assigned and issued a Merchant Account Number; b) Any alteration, strikeover, or modification to the preprinted text of this Application or any part of the Agreement shall be of no effect whatsoever and at Bank's and IPayment's discretion may render the Agreement invalid . . .

Below there is a place for the Bank and a separate place for Ipayment to sign showing Approval/Acceptance. Neither is signed.

Clearly then the Agreement, i.e. the Application and the Program Guide, did not take effect which ends all of Defendant's contract assertions. However, it is undisputed that although it never signed any of the forms it provided to Plaintiffs, Defendant is and has been processing Plaintiffs' credit card transactions.

2. Standard of Review

I may dismiss a complaint for failure to state a claim only if it is clear that no relief would be granted under any set of facts consistent with the allegations of the complaint. For purposes of this motion, I accept as true all well-pleaded facts and will view them in the light most favorable to the nonmoving party.

3. <u>Discussion</u>

Plaintiffs have raised claims that first, seek to invalidate any contract between the parties and/or specific provisions of the alleged contract, and alternatively, raise breach of contract claims.

Plaintiffs' first two claims are based on a finding that there is no enforceable contract between the parties. In Count I, Plaintiffs seek a declaration the there is no binding contract between the parties. In Count 2, Plaintiffs assert that since there was no contract, Defendant improperly assessed fees and was thereby unjustly enriched.

I am satisfied that Plaintiffs have pled sufficient facts that would preclude a motion to dismiss these claims. As I have pointed out, the motion to dismiss is based on documents that never took effect. There is also a question whether Plaintiffs ever received the "Program Guide" that Defendant contends sets forth the provisions that permit it to modify the fees charged. In fact, the wrong version of the program guide was provided as an exhibit to Defendant's motion to dismiss. While Plaintiffs continue to use services provided by Defendant, it is clear that they are not doing so under the terms asserted by Defendant.

Alternatively, Plaintiffs' remaining claims challenge Defendant's compliance with the terms of the contract, if such contract is found to exist. Count 3 raises claims of breach of contract and breach of the covenant of good faith and fair dealing. As an example, Plaintiffs contend they were charged fees that were inconsistent with those

promised by Defendant's representative and shown by the analysis he provided or the addendum to the Application.

Count 4 seeks a declaration that certain terms of the contract are invalid. This count appears to challenge the provisions of the Program Guide and its applicability to Plaintiffs. Plaintiffs claim the terms are illusory, lack mutuality, violate public policy, and are unconscionable.

Count 5 asserts a claim of fraud for misrepresentations, omissions and fraudulent inducement. Plaintiffs claim Defendant's agents misrepresented material facts with regard to the fees that would be charged. Defendant's agents prepared a written analysis of the costs savings each of the Plaintiffs would see if they made the change to this company. There was no mention of the Program Guide, or that it would supercede the analysis provided by Defendant's representative.

The complaint contains sufficient allegations to challenge the contract and some of its provisions.

4. Conclusion

At this early stage of the proceedings, I will permit Plaintiffs to proceed with their alternative theories of liability. After Defendant has filed an answer, I will schedule a pretrial conference to set a discovery schedule aimed at narrowing the issues early so that the parties will be able to focus on one theory or the other – contract or no contract. Only after we have reached that stage will we consider whether class certification is

appropriate.[1]

An appropriate order follows.

---

[1] Because the decision on class certification is being deferred, Defendant need not answer the class certification allegations set forth in the complaint in paragraphs 53 through 66 at this time.