# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTY SALAD, INC. and 18th STREET SALAD, INC., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GROUNDHOG ENTERPRISES, INC. D/B/A MERCHANT LYNX SERVICES,<br><br>Defendant. | CIVIL ACTION NO: 2:17-cv-00226 |

### [proposed] DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 23.1(c), and this Court's instructions, the parties have conferred and hereby submit the following report for the Court's consideration.

### A. Nature of Claims and Defenses

### 1. Plaintiffs' Position

Plaintiffs, Liberty Salad, Inc. and 18th Street Salad, Inc. ("Plaintiffs"), seek monetary damages, declaratory relief, and injunctive from Defendant Groundhog Enterprises, Inc. d/b/a Merchant Lynx Services ("Defendant" or "Merchant Lynx"), relating to merchant payment processing services. Plaintiffs contend that Defendant misleadingly promises putative class members savings and other terms or guarantees that never materialize. Plaintiffs believe valid contracts do not exist because conditions precedent (e.g., signatures from Defendant and other required parties) never occurred. Absent a written contract, Plaintiffs and putative class members are entitled to receive unjustly assessed payment processing fees and charges via the doctrine of unjust enrichment. Alternatively, if a valid contract exists, Defendant breached it directly and via

the covenant of good faith and fair dealing, by assessing unauthorized and excessive payment processing fees and charges. Finally, any contract contains several unconscionable or otherwise unenforceable provisions that should be stricken or reformed.

**2.     Defendant's Position**

The Plaintiffs are two Pennsylvania businesses who contracted with Merchant Lynx for payment processing services in connection with their businesses. Plaintiffs received precisely what they contracted for under the operative written agreements. Now unhappy with the deals they struck, they seek to invalidate the written agreements in whole, or, alternatively, the parts of the agreements that they now find objectionable. The agreements are valid binding contracts, and Plaintiffs have no viable legal claim thereunder. Even if the agreements are not binding contracts, Plaintiffs have no viable equitable claim. Since Plaintiffs have no viable claim, they cannot purport to represent a class of merchants who similarly have no viable claims. Alternatively, even if Plaintiffs have a viable claim in law or equity, which is denied, this case is not amenable to class treatment.

**B.     Rule 26(a) Disclosures**

**PLAINTIFFS' STATEMENT**

The parties have not exchanged initial disclosures. Plaintiffs are ready to exchange initial disclosures now based on the Complaint that was filed. Plaintiffs disagree that initial disclosures should be based only on an individual action regarding just the Named Plaintiffs, with need to amend in the future, and do not understand the parameters of Defendants' suggested course of action.

**DEFENDANT'S STATEMENT**

In the Court's Memorandum and Order dated July 7, 2017, the Court stated:

> After Defendant has filed an answer, I will schedule a pretrial conference to set a discovery schedule aimed at narrowing the issues early so that the parties will be able to focus on one theory or another – contract or no contract. Only after we have reached that stage will we consider whether class certification is appropriate.

See Memorandum (7/7/17) at 4-5.

The parties will exchange Initial Disclosures on or before October 13, 2017, which will be limited to the Named Plaintiffs' claims consistent the Court's July 7, 2017 Memorandum and Order. Should this matter proceed beyond the Named Plaintiffs' claims, the parties will promptly amend their Initial Disclosures.

**C.     Subjects of Discovery**

**PLAINTIFFS' STATEMENT**

The parties identify the following illustrative subjects of discovery, including:

(1)     the nature of the relationships between Plaintiffs and Defendant;

(2)     the communications and negotiations between Plaintiffs and Defendant concerning any agreements, charges, and payments;

(4)     the validity of any contract(s) between Plaintiffs and Defendant;

(5)     the specific fees that Plaintiffs contend they were charged improperly and the imposition and amount of the fees;

(6)     the uniformity, consistency, and/or systematic nature of any such alleged practices; and

(7)     the Plaintiffs' and Defendant's records and data retention policies related to evidence relevant to the claims and defenses in this matter.

**DEFENDANT'S STATEMENT**

In addition to the subject identified above, Defendant intends to seek information concerning Plaintiffs' prior arrangements for payment processing services. However, Defendant believes that discovery should be staged and limited consistent with the Court's July 7, 2017 Memorandum and Order as outlined in the next section.

**D.     Scheduling**

The parties propose that discovery commence immediately following the Rule 16 Conference.

**PLAINTIFFS' STATEMENT**

**1.     Initial Discovery Period**

The parties request an initial discovery period of eight months.

**2.     Class Certification**

Within thirty days of the conclusion of the Initial Discovery Period, Plaintiffs will bring their motion for class certification. Defendant shall file its response within thirty days of the filing of the motion for class certification. Plaintiffs shall file their reply within thirty days of the filing of Defendant's opposition.

**3.     Second Discovery Period**

If the Court certifies a class, there will be an additional period of four months to complete all discovery. If no class is certified, there will be no Second Discovery Period.

**4.     Status Conference**

After the completion of the second discovery period, the parties and the Court shall hold a Status Conference to negotiate additional case deadlines, up to and including trial.

5. **Expert Discovery**

 (a) 90 days prior to the end of the Initial Discovery Period - Plaintiffs shall identify any experts they intend to rely upon for class certification.

 (b) 60 days prior to the end of the Initial Discovery Period - Plaintiffs shall provide a copy of any expert disclosure they intend to rely upon; and Defendants shall identify any experts they intend to rely upon to oppose class certification.

 (c) 30 days prior to the end of the Initial Discovery Period - Defendants shall provide a copy of any expert disclosure they intend to rely upon to oppose class certification.

 (d) 15 days from the production of Plaintiffs' expert reports - Defendant shall depose any such Plaintiffs' experts as desired.

 (e) 15 days after the end of the Initial Discovery Period - Close of Initial Discovery Period - Plaintiffs shall depose any such Defendant's experts as desired.

 (f) Plaintiffs shall be permitted to petition the court to designate any experts necessary to directly rebut the testimony of Defendant's experts. If the Court permits additional designations, the parties will confer in good faith on production of any additional expert(s) reports and a schedule for the deposition of any newly designated experts to occur.

**DEFENDANT'S STATEMENT**

Consistent with the Court's July 7, 2017 Memorandum and Order, Defendant proposes that discovery proceed in three stages outlined below:

**Stage 1: Discovery on the Named Plaintiffs' Claims**

The parties will take discovery (including interrogatories, requests for production of documents, requests for admission, and depositions) concerning the claims of the Named Plaintiffs for a period of four months. At the conclusion of that period, Plaintiffs will elect to proceed under either a contract or non-contract theory and Defendant may move for summary judgment thereon. If the motion is denied, discovery will proceed to Stage 2: Class Discovery.

**Stage 2: Class Discovery**

If the Named Plaintiffs' claims survive summary judgment, then Defendant proposes a period of six months for class discovery. At the completion of that period, Named Plaintiffs shall move for class certification on a schedule to be set by the Court, including the production of expert reports and expert discovery.

**Stage 3: Remaining Merits Discovery**

If a class is certified, then Defendant proposes a period of two months for any remaining discovery to prepare the case for trial. At the completion of that period, the parties may produce additional expert reports and conduct expert discovery on a schedule to be set by the Court.

**E.     ESI Protocol**

**PLAINTIFFS' STATEMENT**

The Plaintiffs suggested that the parties work together to establish appropriate procedures and reasonable limitations on the source and scope of the production of electronically stored information ("ESI") and negotiate a written stipulation within fourteen (14) days after the Rule 16 conference. Defendants have refused to consider such an agreement. Accordingly, Plaintiffs intend to submit a proposed ESI protocol to the Court for Your Honor's review and consideration.

This discovery schedule has been agreed to on the assumption that the parties will be able to negotiate the terms of ESI and exchange the same in a timely and efficient manner. If there are significant delays in producing such ESI, additional time for discovery may be needed.

**DEFENDANT'S STATEMENT**

Defendant recognizes its obligations under the Federal Rules of Civil Procedure to preserve all documents and electronically stored information. As a result, Defendant does not believe that a data preservation order is necessary.

**F.     Issues Related to Privilege, Work Product, and Confidentiality**

The parties will submit a stipulated order for the Court's consideration and approval relating to the discovery of confidential information and the claw-back of inadvertently produced privileged and work product materials within fourteen (14) days after the Rule 16 conference.

**G.     Changes to Federal or Local Rules**

**PLAINTIFFS' STATEMENT**

None proposed at this time. However, if Defendants' proposed bifurcated discovery plan is entered, Plaintiffs anticipate the need for significant changes to the limitations on fact discovery set forth in the rules due the duplication of discovery efforts required under the Defendants' proposed bifurcated discovery plan.

**DEFENDANT'S STATEMENT**

None proposed at this time.

**H.     Other Orders the Court Should Issue Under Rules 16(b), 16(c), and 26(c)**

**PLAINTIFFS' STATEMENT**

The Plaintiffs recommend that the Court establish the following deadlines:

1. Discovery: The parties contend that the Initial Discovery Period should commence immediately following the Rule 16 conference. If a class is certified, the Second Discovery Period will commence on the date the class certification order is entered.

2. Deadline to Amend Pleadings or Add Parties: The deadline for the parties to amend the pleadings or add parties, including new class representatives, shall occur four months after commencement of the Initial Discovery Period.

3. Motion for Class Certification: Within thirty days of the conclusion of the Initial Discovery Period, Plaintiffs shall bring their motion for class certification. Defendant shall file its opposition within thirty days of the filing of the motion for class certification. Plaintiffs shall file their reply within thirty days of the filing of Defendant's opposition.

**DEFENDANT'S STATEMENT**

1. Discovery: The parties contend that the Stage 1 Discovery Period should commence following the Rule 16 conference. The Stage 2 Discovery Period, if necessary, should commence following the disposition of Defendant's motion for summary judgment. If a class is certified, the Stage 3 Discovery Period will commence on the date the class certification order is entered.

2. Deadline to Amend Pleadings or Add Parties: The deadline for the parties to amend the pleadings or add parties shall occur 14 days after commencement of the Stage 1 Discovery Period.

3. Motion for Summary Judgment: Defendant may move for summary judgment within 30 days following Stage 1 Discovery Period. Plaintiff shall file its opposition within 30 days thereafter. Defendant shall file any reply brief within 14 days thereafter.

4. Motion for Class Certification: Within 30 days of the conclusion of the Stage 2 Discovery Period, Plaintiffs shall file their motion for class certification. Defendant shall file its opposition within 30 days thereafter. Plaintiffs shall file any reply brief within 14 days thereafter.

5. Motion(s) Challenging Experts: Defendant shall move to exclude any class certification experts offered by Plaintiffs at the time it files its opposition to class certification. Plaintiffs shall move to exclude any class certification experts offered by Defendant at the time they file their class certification reply brief. To the extent additional time is needed, the parties shall confer and submit to the court for approval a revised briefing schedule on any such motions to be filed.

**Discovery Motions:**

The parties agree to meet and confer prior to the filing of any discovery motions, and to inform the Court of any disputes that cannot be resolved prior to filing any motions. Motions to compel discovery should be filed before the expiration of the applicable discovery period.

Respectfully submitted,

<table>
<tr><td>

/s/ KJG2445
Richard M. Golomb
Kenneth J. Grunfeld
David J. Stanoch
GOLOMB & HONIK
1515 Market Street, Suite 1100
Philadelphia, PA 19102
215.985.9177
rgolomb@golombhonik.com
kgrunfeld@golombhonik.com
dstanoch@golombhonik.com


Attorney for Plaintiffs

</td><td>

*/s/ Edward M. Koch*
Edward M. Koch
Andrew Ralston, Jr.
WHITE AND WILLIAMS LLP
One Liberty Place
1650 Market Street, Suite 1800
Philadelphia, PA 19103
215.864.7000
koche@whiteandwilliams.com
ralstona@whiteandwilliams.com

Nelson Canter (pro hac vice)
CANTER LAW FIRM P.C.
123 Main Street – 9th Floor
White Plains, NY 10601
914.948.3011
ncanter@canterlawfirm.com

Attorneys for Defendant

</td></tr>
</table>

Dated: September 6, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September 2017, the foregoing Proposed Discovery Plan was filed and served on all counsel via the Court's CM/ECF system.

                                      **GOLOMB & HONIK, P.C.**

                                      */s/ KJG2445*
                                      Kenneth J. Grunfeld