UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTY SALAD, INC. and 18th STREET SALAD, INC., on behalf of themselves and all others similarly situated,<br><br>**Plaintiffs,**<br><br>**v.**<br><br>GROUNDHOG ENTERPRISES, INC. D/B/A MERCHANT LYNX SERVICES,<br><br>**Defendant.** | CIVIL ACTION NO: 2:17-cv-00226 |

**PLAINTIFFS' MOTION TO SHOW CAUSE AS TO WHY DEFENDANT'S MOTION FOR RECONSIDERATION OR CERTIFICATION IS NOT UNTIMELY AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiffs Liberty Salad, Inc. and 18th Street Salad, Inc. ("Plaintiffs") file this pleading seeking the Defendant Groundhog Enterprises, Inc. d/b/a Merchant Lynx Services ("Defendant" or "Merchant Lynx") to show cause as to why the motion it recently filed, for reconsideration or, in the alternative, certification for interlocutory review, is not untimely as a matter of law, and why Plaintiffs should not be granted costs for this motion.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

On September 21, 2018, Judge Ditter entered a Memorandum [D.E. # 51] and an Order [D.E. # 52] on the parties' cross-motions for summary judgment.  On September 27, Plaintiffs sent a second set of document requests and requests for admission to the Defendant.  Defendant sought an extension of time to respond to this discovery and Plaintiffs agreed to give the Defendant the additional time requested.  Plaintiffs have also sent Defendant multiple Notices of Depositions. On October 10, the case was reassigned to Your Honor [D.E. # 53] and on that same day, appellate lawyer Marc Penchansky entered his appearance [D.E. # 54] on behalf of the Defendant.  Also on

that day, Defendant sent Plaintiffs its first set of written discovery. Plaintiffs have since timely responded to this written discovery.

In the afternoon on the day before Thanksgiving, Wednesday, November 21, 2018, Defendant filed a motion for reconsideration or, in the alternative, certification for interlocutory review of the Court's September 21, 2018 Order. *See* Motion [D.E. # 56]. ***Sixty-one (61) days had passed since the Court's September 21 Order was entered***. Counsel for the Plaintiffs immediately reached out to counsel for the Defendant and asked why the motion was not untimely. *See* email chain, as Exhibit A. Counsel for the Defendant responded, "I'll check with Edward [Defendant's co-counsel] on Monday, but do not believe it is untimely." *Id.* On Monday, Counsel for the Plaintiffs set forth the legal basis for our belief that the motion was untimely and counsel for the Defendant disagreed. *Id.*

## II.     STANDARD OF REVIEW

Defendant files its motion "[u]nder Local Rule of Civil Procedure 7.1(g) and 28 U.S.C. § 1292(b)." *See* Motion, at 1 [D.E. # 56]. As to reconsideration, E.D. Pa. Local Rule 7.1 states:

> Motions for reconsideration or reargument shall be served and filed within fourteen (14) days after the entry of the order concerned, other than those governed by Federal Rule of Civil Procedure 59(e).

Local Rule 7.1(g). Federal Rule of Civil Procedure 59 governs judgments only, so it is inapplicable, but even it was, it states:

> A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Fed. R. Civ. P. 59(e). Further, Rule 6 makes it clear that these deadlines cannot be extended:

> A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

Fed. R. Civ. P. 6(b)(2). There is in fact no rule permitting the late filing of a motion for reconsideration.

As to certification for interlocutory appeal, 28 U.S.C. § 1292 does not include any reference to how long a litigant has to seek certification:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).  So, "while there is no statutory deadline for the filing of the request for certification, there is a non-statutory requirement that the request for certification 'be filed in the district court within a *reasonable time* after the order sought to be appealed.'"  *Oasis Research, LLC v. Carbonite, Inc.*, No. 4:10-CV-435, 2015 WL 12829617, at *2 (E.D. Tex. June 11, 2015) (quoting *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 675-76 (7th Cir. 2000) and *Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000)) (emphasis in original); *Century Pacific, Inc. v. Hilton Hotels Corp.,* 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008).  "The interlocutory certification mechanism is meant to be used sparingly.  It must not be untimely."  *Fed. Deposit Ins. Corp. v. Arrillaga-Torrens*, No. 13-1328, 2017 WL 773531, at *2 (D.P.R. Feb. 27, 2017) (citing *Camacho v. Puerto Rico Ports Authority*, 369 F.3d 570, 573 (1st Cir. 2004)).  The party seeking certification must act with "diligence."  *Richardson Elecs. Ltd.*, 202 F.3d at 958-59.  Without good reason for delay, "a district judge should not grant an inexcusably dilatory request" for interlocutory certification.  *Id.* at 958

(holding that "delay alone was sufficient grounds for us to refuse our permission to appeal" because "no excuse for the defendants' taking two months to appeal has been offered.").

## III.   ARGUMENT

### A.   Defendant's Motion for Reconsideration is Untimely and Should be Summarily Denied

Defendant's motion to reconsider is untimely, and it is not even a close call.  There is no rule that permits a party to wait two months to seek reconsideration of an Order.  Defendant claims that because a district court "possesses an inherent power over interlocutory orders and can reconsider them when it is consonant with justice to do so," that somehow means that Defendant can ignore the Local Rules and Federal Rules and seek reconsideration any time it wants.  *See* D.E. # 56 at 6 (*citing State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 417 (3d Cir. 2016)).  That is incorrect as a matter of law.  *See Morello v. Kenco Toyota Lift*, No. CV 09-4412, 2015 WL 12834375, at *1 (E.D. Pa. Nov. 20, 2015) (ruling that the filing of a motion for reconsideration is untimely and that the late filer did "not explain why he missed these deadlines").  Defendant here admits that it is "outside of the Local Rule timing for reconsideration" (*see* Exhibit A), but fails to identify any reason the Court should "depart from the strictures of its own local procedural rules" to allow for the out-of-time filing.  *Migliore v. Feria*, No. CV 11-4018, 2015 WL 5582660, at *4 (E.D. Pa. Sept. 21, 2015) (ruling that the filing of a motion for reconsideration is untimely).  In fact, no case exists which permits a party to delay the filing of a motion for reconsideration without good cause shown.

There is no reason that the Defendant waited two months after Judge Ditter entered his Order to move for reconsideration.[1] It had already retained appellate counsel. It had already received discovery requests from the Plaintiffs. It had already been provided responses to its own written discovery. Defendant now asks Your Honor to reconsider Judge Ditter's decision from two months ago, but what it really seeks is delay, harassment, and a second bite of the apple. Unfortunately for Merchant Lynx, it failed to file its motion in a timely manner, and so the motion should be summarily denied as untimely.

**B.      Given the Timing of the Filing, The Court Should Deny Defendant's Motion for Certification as Untimely**

Defendant's Motion to certify Judge Ditter's Order for interlocutory appeal is untimely.[2] Even though 28 U.S.C. § 1292(b) does not impose a strict time deadline to file a request for certification, "the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Ahrenholz,* 219 F.3d at 675; *Lopez v. Youngblood,* No. 1:07-474, 2009 WL 2062883 (E.D. Cal. July 15, 2009) ("A section 1292(b) petition must be filed in the district court within a reasonable time after the order sought to be appealed."); *Fabricant v. Sears Roebuck & Co.,* No. 98-1281, 2001 WL 883303 (S.D. Fla. Jan 29, 2001) (finding the defendant's motion for certification of an order for interlocutory appeal untimely when filed approximately one and a half months after the order was entered); *Morton College Bd. of Trustees of Illinois Community College Dist. No. 527 v. Town of Cicero,* 25 F. Supp. 2d 882, 884–85 (N.D. Ill. 1998) (finding motion to certify order under § 1292(b) untimely when filed 30 days after the order sought to be

---

[1] Merchant Lynx's Motion is essentially just a cut-and-paste job based on the same (timely filed) motion of Defendant CardConnect in another case currently pending before Your Honor. *See Kao v. CardConnect*, No. 2:16-5707 at D.E. 71-1 (filed 10/10/2018).

[2] Per Section III.d. *infra*, Plaintiffs reserve the right to substantively respond to Defendant's motion should the Court require us to do so.

appealed was entered).[3]   A number of federal courts that have considered this issue closely and

have found a delay of approximately two months or more to be untimely.[4]   In explaining why a

two-month delay is unreasonable, the Court in the *Yasmin & Yaz* litigation wrote:

> Here, plaintiff's petition comes more than two months after this
> Court ruled on the question of law at issue.  Although there is no
> precise formula for calculating a "reasonable time," a "district court
> may not and should not" grant certification of an untimely
> petition.  In this Court's opinion, given the circumstances of this
> case, a two month delay is not reasonable.

*In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prod. Liab. Litig.*, No. 3:09-MD-

02100-DRH, 2012 WL 662334, at \*1 (S.D. Ill. Feb. 29, 2012) (internal citations omitted).

Here, Merchant Lynx filed its motion for interlocutory appeal sixty-one days after the

Order was entered by Judge Ditter.  It does not mention why it took two months to file it.  In fact,

no reason is given for the delay.  As the case law cited herein supports, a two-month delay with no

justification given for the delay is unacceptable.  Accordingly, the Court should rule that Merchant

Lynx did not act diligently to file its motion for interlocutory appeal within a reasonable time

frame, and therefore the motion should be denied as untimely.

---

[3] At the barest of minimums, timeliness must be considered when determining whether to certify
an order for interlocutory appeal. *McDonald v. Holder*, No. 09-CV-0573-CVE-TLW, 2010 WL
5387482, at \*2 (N.D. Okla. Dec. 17, 2010) ("the untimeliness of defendant's motion weighs
against granting defendant's request for leave to file an interlocutory appeal").

[4] *See, e.g.*, , *Weir v. Propst*, 915 F.2d 283, 287 (7th Cir. 1990) (63-day delay); *Oasis Research,
LLC*, 2015 WL 12829617 at \*2 ("Defendants offer no explanation or justification for their [two-
and-one-half month] delay"); *Fenters v. Yosemite Chevron*, 761 F. Supp. 2d 957, 1005 (E.D. Cal.
2010) (78-day delay); *Green v. City of New York*, No. 05-CV-0429, 2006 WL 3335051, at \*2
(E.D.N.Y. Oct. 23, 2006) (denying motion for certification of interlocutory appeal where no
justification was offered for two-month delay); *Frontier-Kemper Constructors, Inc. v. Am. Rock
Salt Co.*, No. 01-CV-6217 (CJS), 2003 WL 22384797 (W.D.N.Y. Sept. 4, 2003) ("contractor
offered no explanation for delay, and there had been significant activity in case since order was
entered"); *Fabricant*, 2001 WL 883303 (forty-six day delay); *Ferraro v. Secretary of HHS*, 780 F.
Supp. 978 (E.D.N.Y. 1992) (denying motion to certify as untimely after plaintiff's two-and-one-
half-month delay).

### C.   The Court Should Grant Counsel for Plaintiffs' Fees and Costs Associated with this Filing as it Sees Fit

Counsel for Plaintiffs confronted counsel for Defendant with the incontrovertible fact that the motion was untimely and counsel for Defendant refused to withdraw the motion.  Counsel for Plaintiffs told counsel for Defendant that if forced to file a motion like this one, it would include a request for fees and costs associated with the filing.  Accordingly, counsel for Plaintiffs now seeks its fees in the form of the value of the time spent in drafting and filing this motion as the Court sees fit.

### D.   The Deadline for Plaintiffs' Substantive Response to the Defendant's Motion Should be Stayed Pending the Outcome of this Motion to Show Cause

Under Local Rule 7.1(c), Plaintiffs are required to file an opposition brief to Defendant's Motion for Reconsideration within fourteen (14) days.  Requiring Plaintiffs to respond to Defendant's lengthy nineteen (19) page brief would be a waste of time and resources given the fact that the motion was clearly filed untimely.  Accordingly, Plaintiffs request that its obligation to respond to the brief be immediately stayed pending the outcome of this motion to show cause, or at a minimum, until after the telephonic hearing scheduled by the Court for Monday, December 3, 2018 at 11:00 AM E.T.  *See* D.E. # 57.

## IV.   CONCLUSION

As set forth herein, Merchant Lynx's motion for reconsideration or, in the alternative, certification for interlocutory review, should be denied as untimely.  In the interim, Plaintiffs' obligation to respond to the brief should be stayed pending the outcome of this motion to show cause.  Finally, Plaintiffs should be awarded fees in the form of the value of the time spent in drafting and filing this motion.

- 8 -

**Dated:  November 27, 2018**                              Respectfully submitted,

                                                           */s/ KJG2445*
                                                           Richard M. Golomb, Esquire
                                                           Kenneth J. Grunfeld, Esquire
                                                           David J. Stanoch, Esquire
                                                           **GOLOMB & HONIK, P.C.**
                                                           1835 Market Street, Suite 2900
                                                           Philadelphia, PA 19103
                                                           Phone: (215) 985-9177
                                                           Fax:    (215) 985-4169
                                                           Email: rgolomb@golombhonik.com
                                                                  kgrunfeld@golombhonik.com
                                                                  dstanoch@golombhonik.com

                                                           *Attorneys for Plaintiffs and the Putative Class*

- 9 -

## CERTIFICATE OF SERVICE

I, Kenneth J. Grunfeld, Esquire, hereby certify that on this 27th day of November, 2018, I

caused a true and correct copy of the foregoing to be served on all counsel of record, via the Court's

CM/ECF filing system.


s/ *KJG2445*
Kenneth J. Grunfeld