# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LIBERTY SALAD, INC. and 18th STREET
SALAD, INC., GOOD 2 GO I, INC., GOOD
2 GO II, INC., GOOD 2 GO III, INC., and
GOOD 2 GO IV, INC., on behalf of
themselves and all others similarly situated,

     **Plaintiffs,**

    **v.**

GROUNDHOG ENTERPRISES, INC.
D/B/A MERCHANT LYNX SERVICES

     **Defendant.**

**CIVIL ACTION NO: 2:17-cv-00226**

## MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANT'S MOTION FOR RECONSIDERATION OR
## CERTIFICATION FOR INTERLOCUTORY REVIEW

# TABLE OF CONTENTS

**PAGE**

INTRODUCTION ................................................................................................. 1

   I.      BACKGROUND AND PROCEDURAL HISTORY ............................ 2

   II.     FACTS .................................................................................................... 4

ARGUMENT ....................................................................................................... 7

   III.    STANDARD OF REVIEW ................................................................... 7

        A.   Motions for Reconsideration.................................................... 7

        B.   Motions for Certification for Interlocutory Review.................... 8

   IV.    RECONSIDERATION SHOULD BE DENIED .................................. 10

        A.   Defendant's Motion is Untimely ............................................. 10

        B.   Reconsideration Should be Denied on the Merits..................... 11

   V.    CERTIFICATION FOR INTERLOCUTORY REVIEW SHOULD BE DENIED............................................................................................. 14

        A.   Given the Timing of the Filing, The Court Should Deny Defendant's Motion for Certification as Untimely ...................... 14

        B.   The Court Should Refrain from Amending Judge Ditter's Summary Judgment Order to Certify it for Interlocutory Review on Appeal ............ 14

   VI.   THE COURT SHOULD GRANT COUNSEL FOR PLAINTIFFS' FEES AND COSTS ASSOCIATED WITH THIS FILING AS IT SEES FIT ........................ 18

CONCLUSION ..................................................................................................... 19

## <u>TABLE OF AUTHORITIES</u>

<u>PAGE</u>

**Cases**

*Ahrenholz v. Board of Trustees of University of Illinois,*
  219 F.3d 674 (7th Cir. 2000) .................................................... 9, 14

*Augustin v. City of Philadelphia,*
  No. 14-CV-4238, 2016 WL 7042215 (E.D. Pa. Apr. 8, 2016) ................................ 17

*Bachowski v. Usery,*
  545 F.2d 363 (3d Cir. 1976).................................................... 8

*Boyington v. Percheron Field Servs., LLC,*
  No. 3:14-CV-90, 2016 WL 1179216 (W.D. Pa. Mar. 24, 2016) ........................... 16

*Bradburn Parent Teacher Store, Inc. v. 3M,*
  No. 02-7676, 2005 WL 1819969 (E.D. Pa. Aug. 2, 2005) ...................................... 16

*Cafe by Lou-Ann, Inc. v. Quinteros,*
  176 F.3d 669 (3d Cir. 1999)....................................................7, 11

*Camacho v. Puerto Rico Ports Authority,*
  369 F.3d 570 (1st Cir. 2004) .................................................... 9

*Century Pacific, Inc. v. Hilton Hotels Corp.,*
  574 F. Supp. 2d 369 (S.D.N.Y. 2008)....................................................9

*Continental Cas. Co. v. Diversified Indus.,*
  884 F. Supp. 937 (E.D. Pa. 1995) ....................................................7

*Fabricant v. Sears Roebuck & Co.,*
  No. 98-1281, 2001 WL 883303 (S.D. Fla. Jan 29, 2001) ........................................ 14

*Fed. Deposit Ins. Corp. v. Arrillaga-Torrens,*
  No. 13-1328, 2017 WL 773531 (D.P.R. Feb. 27, 2017)........................................9

*Fenters v. Yosemite Chevron,*
  761 F. Supp. 2d 957 (E.D. Cal. 2010)........................................................ 14

*Ferraro v. Secretary of HHS,*
  780 F. Supp. 978 (E.D.N.Y. 1992) .................................................... 14

*Frontier-Kemper Constructors, Inc. v. Am. Rock Salt Co.,*
  No. 01-CV-6217 (CJS), 2003 WL 22384797 (W.D.N.Y. Sept. 4, 2003) ................ 14

*Glendon Energy Co. v. Borough of Glendon,*
  836 F. Supp. 1109 (E.D. Pa. 1993) ....................................................7

*Green v. City of New York,*
  No. 05-CV-0429, 2006 WL 3335051 (E.D.N.Y. Oct. 23, 2006)........................... 14

*In re Frascella Enterprises, Inc.,*
  No. ADV 06-0101, 2008 WL 2051115 (Bankr. E.D. Pa. May 8, 2008) ................ 17

*In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prod. Liab. Litig.*,
   No. 3:09-MD-02100-DRH, 2012 WL 662334 (S.D. Ill. Feb. 29, 2012) ................................ 15

*Infocomp, Inc. v. Electra Products, Inc.*,
   109 F.3d 902 (3rd Cir. 2007) ........................................................................................... 5

*Kao v. CardConnect*,
   No. 2:16-5707 at D.E. 71-1 (filed 10/10/2018) ......................................................... 10

*Katz v. Carte Blanche Corp.*,
   496 F.2d 747 (3d Cir. 1974)................................................................................... 8, 15

*Liss & Marion, P.C. v. Recordex Acquisition Corp.*,
   983 A.2d 652 (Pa. 2009) ................................................................................................ 13

*Lopez v. Youngblood*,
   No. 1:07-474, 2009 WL 2062883 (E.D. Cal. July 15, 2009)................................... 14

*McDonald v. Holder*,
   No. 09-CV-0573-CVE-TLW, 2010 WL 5387482 (N.D. Okla. Dec. 17, 2010) ...................... 14

*McMahon v. Medical Protective Co.*,
   No. 13-991, 2015 WL 4633698 (W.D. Pa. Aug. 3, 2015)........................................ 16

*Migliore v. Feria*,
   No. CV 11-4018, 2015 WL 5582660 (E.D. Pa. Sept. 21, 2015) ............................ 10

*Morello v. Kenco Toyota Lift*,
   No. CV 09-4412, 2015 WL 12834375 (E.D. Pa. Nov. 20, 2015)............................. 10

*Morton College Bd. of Trustees of Illinois Community College Dist. No. 527 v. Town of Cicero*,
   25 F. Supp. 2d 882 (N.D. Ill. 1998) ....................................................................... 14

*Oasis Research, LLC v. Carbonite, Inc.*,
   No. 4:10-CV-435, 2015 WL 12829617 (E.D. Tex. June 11, 2015) ......................... 9

*Premick v. Dick's Sporting Goods, Inc.*,
   No. 06-0530 2007 WL 588992 (W.D. Pa. Feb. 20, 2007).................................... 8

*Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*,
   202 F.3d 957 (7th Cir. 2000) ........................................................................................ 9

*State Nat'l Ins. Co. v. Cty. of Camden*,
   824 F.3d 399 (3d Cir. 2016)........................................................................................ 10

*Stephan v. Waldron Elec. Heating and Cooling LLC*,
   100 A.3d 660 (Pa. Super. Ct. 2014)......................................................................... 13

*U.S. ex rel. Nevyas v. Allergan, Inc.*,
   No. 09-432 2015 WL 4064629 (E.D. Pa. July 2, 2015) ......................................... 8

*Walney v. SWEPI LP*,
   2015 WL 5333541 (W.D. Pa. Sept. 14, 2015).......................................................... 13

*Weir v. Propst*,
   915 F.2d 283 (7th Cir. 1990) ..................................................................................... 14

*Zygmuntowicz v. Hosp. Investments, Inc.*,
    828 F. Supp. 346 (E.D. Pa. 1993) ............................................................. 8

**Statutes**

15 U.S.C. § 7006(5) .............................................................................................. 17

28 U.S.C. § 1292 ........................................................................................... *passim*

28 U.S.C. § 1292(b)) ...................................................................................... 8, 15

Pennsylvania Electronic Transactions Act, 73 Pa. Stat. § 2260 ................................ 16

**Rules**

Fed. R. Civ. P. 59(e) .............................................................................................. 7

Fed. R. Civ. P. 6(b)(2) ........................................................................................... 7

Plaintiffs Liberty Salad, Inc. and 18th Street Salad, Inc. ("Plaintiffs") oppose the Motion for Reconsideration or, in the alternative, Certification for Interlocutory Review [D.E. 56, hereinafter, "the Motion"] filed by Defendant Groundhog Enterprises, Inc. d/b/a Merchant Lynx Services ("Defendant" or "Merchant Lynx") and request that it be denied in its entirety and that the Court enter an Order ruling that the Motion was filed untimely as a matter of law and that Plaintiffs be granted fees representing the value of the time spent in drafting and filing this motion.

## INTRODUCTION

Unhappy with Judge Ditter's thoughtful and well-reasoned opinion, Merchant Lynx copied the strategy employed by CardConnect in a different case and took its old gripes to a new Judge. Merchant Lynx's motion for reconsideration or certification for interlocutory appeal should be denied because it was filed too late and because it has no merit.

The law is clear that the deadline has long passed for this Motion. Despite this obvious and glaring error, Merchant Lynx asks the Court to exercise discretion to grant the relief it seeks anyway . . . a request that should be swiftly and summarily denied. Further, Defendant's insistence on pursuing this line of relief, to the detriment and harassment of the Plaintiffs, should not be rewarded. The Court should award the Plaintiffs' counsel its fees representing the value of the time spent (or rather, wasted) in drafting and filing the opposition to the Motion.

Even if the Court were to entertain this untimely Motion, there is no basis for granting the relief sought. Merchant Lynx raises nothing new here. It previously asked Judge Ditter for the opportunity to prove that an express contract existed as a matter of law and the Judge granted it that chance with a nine-month limited discovery period in which thousands of pages of documents were collected, exchanged and reviewed, subpoenas were issued, depositions were conducted, and declarations of non-parties were obtained. This culminated in enormous, fact-intensive summary

judgment motions filed by both parties.  In doing so, Defendant told the Court that the facts were sufficiently clear for it to make a summary judgment ruling.  It cannot now argue that it was not given a full and fair opportunity to make its case.

Having been soundly defeated, Merchant Lynx now attempts to manufacture some basis to get another bite at the apple, perhaps hoping that a new judge might decide the same issue differently.  It does so by claiming that the Court resolved disputed issues of fact and "overlooked" the law.  Quite to the contrary, however, the Court relied on *undisputed* material facts to reject all of Defendant's arguments.  This decision did not "overlook" applicable contract law, but in fact correctly applied such law.  The Court committed no clear errors and thus there has been no manifest injustice.  Reconsideration and certification for interlocutory appeal should be denied.

## I.      BACKGROUND AND PROCEDURAL HISTORY

In January of 2017, Plaintiffs filed a class action against Merchant Lynx relating to merchant payment processing services.  *See* D.E. 1.  Principally, Plaintiffs represent merchants who contend have been overcharged based on misleading promises of transparency and substantial savings, including a promise to charge only a single, all-inclusive "flat rate" that never materializes.  Instead, after the merchant switches to Merchant Lynx's service, the rates charged are changed and additional, unexplained fees are imposed unilaterally.

Merchant Lynx moved to dismiss the Complaint on February 28, 2017.  D.E. 10.  After the motion was fully briefed, the Court denied the motion on July 17, 2017.  D.E. 17, 18.  Merchant Lynx then filed a motion for clarification (*see* D.E. 19) which was also denied.  *See* D.E. 20 and July 19, 2017 Letter from the Court (responding to Defendant's Motion for Clarification) (attached as Exhibit 1).  Merchant Lynx then filed an Answer to the Complaint (D.E. 22) and the parties prepared materials for the first status conference of many with Judge Ditter, which took place on September 13, 2017.

At that conference, counsel for Merchant Lynx told the Court that the Applications were appropriately signed and requested a discrete discovery period be scheduled in order for it to prove that enforceable, signed contracts existed.  *See* D.E. 28; *see also* D.E. 32 (11/1/2017 hearing) ("Order that the defendant shall produce a signed contract").  The Court granted Merchant Lynx's request.  The parties then conducted nine (9) months-worth of costly discovery, exchanging sets of written discovery, producing thousands of pages of documents, taking four (4) depositions, issuing subpoenas, collecting and reviewing documents from subpoenaed parties, obtaining and submitting multiple declarations from non-parties and filing lengthy summary judgment briefs limited solely to the issue of the relationship of the parties and applicable terms.  During that period, the parties conducted numerous calls and meetings with Judge Ditter, and what we learned was exactly what we knew well over a year ago: that the Applications were never appropriately signed, and no valid, enforceable written contract exists between the parties.

After a lengthy review process, on September 21, 2018, Judge Ditter entered a Memorandum [D.E. 51] and an Order [D.E. 52] on the parties' cross-motions for summary judgment.  The Court ruled that the parties "were not subject to an express written contract," but rather an implied contract was created through which the parties agreed to a flat rate for transactions and only limited fees as set forth in each Plaintiff's Addenda.  D.E. 52.

On September 27, Plaintiffs sent a second set of document requests and requests for admission to the Defendant.  Defendant sought an extension of time to respond to this discovery and Plaintiffs agreed to give the Defendant the additional time requested.  Plaintiffs have also sent Defendant multiple Notices of Depositions.  On October 10, the case was reassigned to Your Honor [D.E. 53] and on that same day, appellate lawyer Marc Penchansky entered his appearance

[D.E. 54] on behalf of the Defendant.  Also, on that day, Defendant sent Plaintiffs its first set of written discovery.  Plaintiffs have since timely responded to this written discovery.

In the afternoon on the day before Thanksgiving, Wednesday, November 21, 2018, Defendant filed a motion for reconsideration or, in the alternative, certification for interlocutory review of the Court's September 21, 2018 Order.  *See* Motion [D.E. 56].  ***Sixty-one (61) days had passed since the Court's September 21 Order was entered***.  Counsel for the Plaintiffs immediately reached out to counsel for the Defendant and asked why the motion was not untimely.  *See* email chain, as Exhibit 2.  Counsel for the Defendant responded, "I'll check with Edward [Defendant's co-counsel] on Monday, but do not believe it is untimely."  *Id.*  On Monday, Counsel for the Plaintiffs set forth the legal basis for our belief that the motion was untimely and counsel for the Defendant disagreed.  *Id.*  Subsequently, Plaintiffs filed a Motion for an Order to Show Cause as to why the Motion was not untimely, and Defendant responded.  D.E. 58, 59.  At the direction of the Court, the parties then attempted to settle the case with the help of Magistrate Judge Hey's assistance.  D.E. 63.  On January 2, 2019, counsel for Defendant told Magistrate Judge Hey that there was no feasible path towards settlement [D.E. 67], and the matter is now back before Your Honor to address the Motion and to oversee any outstanding issues as discovery progresses.

## II.  <u>FACTS</u>

The relevant facts known at this time as they relate to the Court's Summary Judgment Opinion and Order [D.E. 51 and 52] have already been set forth at length in multiple filings, including Plaintiffs' Opposition to Defendant's Summary Judgement Motion and Cross Motion for Summary Judgment on the Issue of the Contractual Relationship Between the Parties, D.E. 47, its Response to Defendant's Statement of Undisputed Facts and Statement of Undisputed Facts, D.E. 48, and in the Court's Order denying Merchant Lynx's Motion to Dismiss.  *See* D.E. 17.  Plaintiffs do not repeat them here.

What is critical here is that the material facts in this case are not in dispute.  Having moved for summary judgment, Merchant Lynx admits that the material facts necessary to reach a conclusion on the nature of the parties' relationship are undisputed.  *See* D.E. 46.    Most significantly, it is an *undisputed* fact that Merchant Lynx changed the flat rate promised to Plaintiffs and charged additional fees that were not disclosed at the outset of the parties' relationship.  *See* D.E. 48.  Thus, that the rates were increased and that new fees were added was never in dispute; the only question for summary judgment was whether Merchant Lynx was permitted to increase the rates and charge additional fees despite the flat rate promise.

Merchant Lynx argues that its relationship with Plaintiffs was governed by an express written contract, and that contract included terms allowing it to increase the rates it charged merchants promised a "flat rate" for any reason or no reason at all, and that it could also unilaterally impose fees not previously disclosed as it pleased.  Merchant Lynx argues that this fine print authorized the rate changes and added fees and barred Plaintiffs from challenging these changes because that is how this industry operates.  However, it is an ***undisputed*** fact that neither Merchant Lynx nor its payment processor Ipayment nor the member bank Wells Fargo ever signed these written documents.  D.E. 51 at 3.  In fact, the Court previously ruled, in denying Merchant Lynx's motion to dismiss, that the express language of such form contracts required these signatures and, because they did not, the written contracts were ineffective.  *See* D.E. 17 (7/7/2017)[1]; *Infocomp, Inc. v. Electra Products, Inc.*, 109 F.3d 902, 905-06 (3rd Cir. 2007) (unsigned written contract never took effect because "when an offeror fails to comply with its own conditions precedent to contract formation, that party may not claim the benefits of the proposed contract (including any

---

[1] Merchant Lynx did not seek reconsideration of this ruling.  Presumably, it is too late for it to do so now.

limitations on damages and remedies)").  It was found undisputed by the Court that a flat rate would be charged for transactions and "no additional fees would be charged throughout the life of the contract."  D.E. 51 at 2.

On September 21, 2018, the Court confirmed in a summary judgment order that no express contract existed, held that the parties had an implied-in-fact contractual relationship, and set forth the terms of those implied contracts.  D.E. 51.  The Court ruled that for the written contracts to be effective, they had to be signed.  *Id.* at 4. ("The question answers itself.").  Next, the Court found that Merchant Lynx's later attempts to get the contracts signed "were in vain."  *Id.* at 6 ("locking the barn after the horse has been stolen doesn't get the horse back.").  Finally, the Court held that allegations of a "logically associated process" did not save Merchant Lynx from the fact that the contracts were never signed.  *Id.* at 6-7.  The Court did not stop there, finding that there were promises made and that those promises formed the basis of an agreement.  "I conclude that the undisputed facts show that there was an implied contract between Liberty and Lynx."  *Id*. at 7-8.  Thus, the Court relied on undisputed (and indisputable) facts in reaching several appropriate legal determinations.  Merchant Lynx's hysterical claims to the contrary in the Motion are based on an intentionally misleading version of events.

## ARGUMENT

### III.   STANDARD OF REVIEW

Defendant writes that it files the Motion "[u]nder Local Rule of Civil Procedure 7.1(g) and 28 U.S.C. § 1292(b)." *See* Motion, at 1 [D.E. 56].  These rules govern the Motion.

### A.   Motions for Reconsideration

"It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through – rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotations omitted).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). Indeed, a motion should be granted "only if the party seeking reconsideration shows at least one of the following grounds:  (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Federal rules strictly enforce the time period within which a motion for reconsideration may be filed.  E.D. Pa. Local Rule 7.1 states:

> Motions for reconsideration or reargument shall be served and filed
> within fourteen (14) days after the entry of the order concerned,
> other than those governed by Federal Rule of Civil Procedure 59(e).

Local Rule 7.1(g).  Federal Rule of Civil Procedure 59 governs judgments only, so it is inapplicable, but even if it was, it states:

> A motion to alter or amend a judgment must be filed no later than
> 28 days after the entry of the judgment.

Fed. R. Civ. P. 59(e).  Further, Rule 6 makes it clear that these deadlines cannot be extended:

> A court must not extend the time to act under Rules 50(b) and (d),
> 52(b), 59(b), (d), and (e), and 60(b).

Fed. R. Civ. P. 6(b)(2).   There is in fact no rule permitting the late filing of a motion for reconsideration.

### B.   Motions for Certification for Interlocutory Review

To certify a non-final order for interlocutory appeal, "[t]he order must (1) involve a 'controlling question of law,' (2) offer 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed immediately, 'materially advance the ultimate termination of the litigation.'" *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (quoting 28 U.S.C. § 1292(b)).   However, "[t]he certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are present." *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976).

The decision to certify an order for interlocutory review is only appropriate in "exceptional circumstances and we should be mindful of the strong policy against piecemeal appeals when exercising our discretion."  *U.S. ex rel. Nevyas v. Allergan, Inc.*, No. 09-432 2015 WL 4064629, at *2 (E.D. Pa. July 2, 2015).   Indeed, "[t]he Third Circuit has held that certification is to be used in *exceptional* cases where an immediate appeal would avoid protracted and expensive litigation." *Zygmuntowicz v. Hosp. Investments, Inc.*, 828 F. Supp. 346, 353 (E.D. Pa. 1993) (emphasis added). "The party seeking interlocutory review has the burden of persuading the district court that exceptional circumstances exist that justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." *Premick v. Dick's Sporting Goods, Inc.*, No. 06-530 2007 WL 588992, at *1 (W.D. Pa. Feb. 20, 2007).

As to certification for interlocutory appeal, 28 U.S.C. § 1292 does not include any specific reference to how long a litigant has to seek certification:

- 8-

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).  So, "while there is no statutory deadline for the filing of the request for certification, there is a non-statutory requirement that the request for certification 'be filed in the district court within a ***reasonable time*** after the order sought to be appealed.'"  *Oasis Research, LLC v. Carbonite, Inc.*, No. 4:10-CV-435, 2015 WL 12829617, at *2 (E.D. Tex. June 11, 2015) (quoting *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 675-76 (7th Cir. 2000) and *Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000)) (emphasis in original); *see also Century Pacific, Inc. v. Hilton Hotels Corp.,* 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008).  "The interlocutory certification mechanism is meant to be used sparingly.  It must not be untimely."  *Fed. Deposit Ins. Corp. v. Arrillaga-Torrens*, No. 13-1328, 2017 WL 773531, at *2 (D.P.R. Feb. 27, 2017) (citing *Camacho v. Puerto Rico Ports Authority*, 369 F.3d 570, 573 (1st Cir. 2004)).  The party seeking certification must act with "diligence."  *Richardson Elecs. Ltd.*, 202 F.3d at 958-59.  Without good reason for delay, "a district judge should not grant an inexcusably dilatory request" for interlocutory certification.  *Id.* at 958 (holding that "delay alone was sufficient grounds for us to refuse our permission to appeal" because "no excuse for the defendants' taking two months to appeal has been offered.").

## IV.    RECONSIDERATION SHOULD BE DENIED

### A.    Defendant's Motion is Untimely

Defendant's motion to reconsider is untimely, and it is not even a close call.  The Motion is essentially just a cut-and-paste job based on the same motion of Defendant CardConnect in another case currently pending before Your Honor.  *See Kao v. CardConnect*, No. 2:16-5707 at D.E. 71-1 (filed 10/10/2018).  Oddly, Merchant Lynx seeks to excuse its delay based on the timely CardConnect filing.  Counsel for Merchant Lynx admits that it failed to realize that CardConnect filed the motion for over a month, then decided to mimic the strategy in that case.  *See* D.E. 59 at 2 ("Counsel for Merchant Lynx did not immediately learn of CardConnect's Motion until mid-November 2018. When its counsel learned of the motion, it decided that it was appropriate to file its own motion so that these similar cases did not have dissimilar results.")  However, this fails to justify the delay.

There is no rule that permits a party to wait two months to seek reconsideration of an Order. Defendant claims that because a district court "possesses an inherent power over interlocutory orders and can reconsider them when it is consonant with justice to do so," that somehow means that Defendant can ignore the Local Rules and Federal Rules and seek reconsideration any time it wants.  *See* D.E. # 56 at 6 (*citing State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 417 (3d Cir. 2016)).  Merchant Lynx then goes even farther, questioning whether a party even needs to show good cause for an untimely filing.  *See* D.E. 59 at 5.

Merchant Lynx's arguments are incorrect as a matter of law, which clearly delineates the time within which a motion for reconsideration can be filed.  *See Morello v. Kenco Toyota Lift*, No. CV 09-4412, 2015 WL 12834375, at *1 (E.D. Pa. Nov. 20, 2015) (ruling that the filing of a motion for reconsideration is untimely and that the late filer did "not explain why he missed these deadlines").  Defendant here admits that the Motion is "outside of the Local Rule timing for

- 10-

reconsideration" (*see* Ex. 2) but fails to identify any reason the Court should "depart from the strictures of its own local procedural rules" to allow for the out-of-time filing. *Migliore v. Feria*, No. CV 11-4018, 2015 WL 5582660, at *4 (E.D. Pa. Sept. 21, 2015) (ruling that the filing of a motion for reconsideration is untimely).  The question is not whether Rule 7.1 is jurisdictional or whether a Court may <u>on its own</u> reconsider a previous ruling (*see* D.E. at 2-4); the question is whether a party's late filing should be considered in a Court's decision to reconsider its own opinion.  On that question, the answer is clear: it should not.

In fact, there is no justifiable reason that the Defendant waited two months after Judge Ditter entered his Order to move for reconsideration.  It had already retained appellate counsel.  It had already received discovery requests from the Plaintiffs.  It had already been provided responses to its own written discovery.  Defendant now asks Your Honor to reconsider Judge Ditter's decision from months ago, but what it really seeks is delay, harassment, and a second bite of the apple before a new judge.  Unfortunately for Merchant Lynx, it failed to file its motion in a timely manner, and so the motion should be summarily denied as untimely.

### B.       Reconsideration Should be Denied on the Merits

Reconsideration should be granted "only if the party seeking reconsideration shows at least one of the following grounds:  (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  As there has been no change in law or new evidence, Merchant Lynx seeks reconsideration based only on the third ground, alleging that Judge Ditter "failed to apply clear, relevant case law that supports the position that the parties formed a written contract and undermines his position that the parties formed an implied contract."  D.E. 56 at p. 6.

- 11-

First, Defendant claims that Judge Ditter committed clear error of law in determining whether the underwriting process was sufficient to establish acceptance of the written contract "under applicable electronic signature law." *Id.* at 9. This argument is simply rehashed from Merchant Lynx's rejected summary judgment motion. In that the Application was never timely and honestly signed by the required parties, Merchant Lynx drums up an argument that a "process" is just as good as a signature, but provides no real evidence to establish that this is what the intention of the parties was at the time it was accomplished. The Court considered the law as set forth by Merchant Lynx the first time and rejected its dubious interpretation of what happened outright. In that this was not clear error of law, reconsideration on this basis is inappropriate.

Second, Defendant argues that the Court wrongfully resolved a disputed fact that the language in the Applications required signatures at all, even though that is what the language says. *Id.* at 9-10. However, in entering its ruling, the Court relied exclusively on *undisputed* material facts. *See* D.E. 51 at pp 3-4. So, it is only *after* the Court ruled against Merchant Lynx that it claims the terms suddenly became unclear and ambiguous, requiring an interpretation of intent as a question of fact for the jury to decide. It was Merchant Lynx that originally asked the Court to allow it to compile facts to prove an express contract existed for purposes of summary judgment. The Court granted this request and the parties undertook a lengthy discovery period on this discrete question. Now, dissatisfied with the Court's findings, Merchant Lynx seeks reconsideration from a new Judge. The request is without merit.

Third, Merchant Lynx challenges Judge Ditter's decision that an implied contract was formed and the terms of that implied contract. Here, Merchant Lynx drops all pretext of the elements of when reconsideration should be granted and simply complains that the Judge got it wrong. The crux of the complaint is that Judge Ditter "ignored" some facts it presented and gave

"preeminence" to certain terms promised and to the Plaintiffs' expectations rather than its own intentions. *Id.* at 14-5.   There is nothing substantive presented here.   Nothing in the record indicates that the Court ignored Merchant Lynx's facts, even if they were considered immaterial. Indeed, evidence submitted by Defendant on material facts relating to the signing of Applications and the "logical process" employed was not disregarded, but rather, was directly addressed by the Court.   *See* D.E. 51.   Further, courts typically determine the terms of an implied contract (which are governed by circumstances and not words) when the material facts are undisputed, as is the case here.   *Liss & Marion, P.C. v. Recordex Acquisition Corp.*, 983 A.2d 652, 659-61 (Pa. 2009) (affirming trial court's interpretation of terms of implied contract on summary judgment).   Finally, courts regularly look to fee terms to understand intent even in invalid contracts.   *See, e.g.*, *Stephan v. Waldron Elec. Heating and Cooling LLC*, 100 A.3d 660, 668 (Pa. Super. Ct. 2014) (looking to ineffective written contract to determine agreed-upon rates and fees); *Walney v. SWEPI LP*, 2015 WL 5333541, *14 (W.D. Pa. Sept. 14, 2015) (certifying class because terms of implied contract would be determined based on examination of ineffective form contracts).   Perhaps most enlightening is Merchant Lynx's first-time admission that "the flat rate was merely a ***teaser*** subject to adjustment."   D.E. 56 at 15 (emphasis added).   Merchant Lynx characterizes Judge Ditter's refusal to accept that a promised "flat rate" is actually "merely a teaser" rate as a "discrepancy" that amounts to clear, reversal error.   That position is untenable.   As Judge Ditter wrote, "The question answers itself."

None of the superficial gripes presented by Merchant Lynx are material to the substance of the Court's decision.   Nor will Defendant be subject to "manifest injustice" if the Order is not reconsidered.   In fact, the Summary Judgement Order is well supported by the undisputed material facts and the applicable law.   There can thus be no manifest injustice if reconsideration is denied.

## V.     CERTIFICATION FOR INTERLOCUTORY REVIEW SHOULD BE DENIED

### A.     Given the Timing of the Filing, The Court Should Deny Defendant's Motion for Certification as Untimely

Defendant's Motion to certify Judge Ditter's Order for interlocutory appeal is untimely. Even though 28 U.S.C. § 1292(b) does not impose a strict time deadline to file a request for certification, "the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Ahrenholz,* 219 F.3d at 675; *Lopez v. Youngblood,* No. 1:07-474, 2009 WL 2062883 (E.D. Cal. July 15, 2009) ("A section 1292(b) petition must be filed in the district court within a reasonable time after the order sought to be appealed."); *Fabricant v. Sears Roebuck & Co.,* No. 98-1281, 2001 WL 883303 (S.D. Fla. Jan 29, 2001) (finding the defendant's motion for certification of an order for interlocutory appeal untimely when filed approximately one and a half months after the order was entered); *Morton College Bd. of Trustees of Illinois Community College Dist. No. 527 v. Town of Cicero,* 25 F. Supp. 2d 882, 884–85 (N.D. Ill. 1998) (finding motion to certify order under § 1292(b) untimely when filed 30 days after the order sought to be appealed was entered).[2]  A number of federal courts that have considered this issue closely and have found a delay of approximately two months or more to be untimely.[3]  In explaining why a two-month delay is unreasonable, the Court in the *Yasmin & Yaz* litigation wrote:

---

[2] At the barest of minimums, timeliness must be considered when determining whether to certify an order for interlocutory appeal. *McDonald v. Holder*, No. 09-CV-0573-CVE-TLW, 2010 WL 5387482, at *2 (N.D. Okla. Dec. 17, 2010) ("the untimeliness of defendant's motion weighs against granting defendant's request for leave to file an interlocutory appeal").

[3] *See, e.g.*, , *Weir v. Propst*, 915 F.2d 283, 287 (7th Cir. 1990) (63-day delay); *Oasis Research, LLC*, 2015 WL 12829617 at *2 ("Defendants offer no explanation or justification for their [two-and-one-half month] delay"); *Fenters v. Yosemite Chevron*, 761 F. Supp. 2d 957, 1005 (E.D. Cal. 2010) (78-day delay); *Green v. City of New York*, No. 05-CV-0429, 2006 WL 3335051, at *2 (E.D.N.Y. Oct. 23, 2006) (denying motion for certification of interlocutory appeal where no justification was offered for two-month delay); *Frontier-Kemper Constructors, Inc. v. Am. Rock Salt Co.*, No. 01-CV-6217 (CJS), 2003 WL 22384797 (W.D.N.Y. Sept. 4, 2003) ("contractor offered no explanation for delay, and there had been significant activity in case since order was

- 14-

> Here, plaintiff's petition comes more than two months after this
> Court ruled on the question of law at issue.  Although there is no
> precise formula for calculating a "reasonable time," a "district court
> may not and should not" grant certification of an untimely
> petition.  In this Court's opinion, given the circumstances of this
> case, ***a two-month delay is not reasonable***.

*In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prod. Liab. Litig.*, No. 3:09-MD-02100-DRH, 2012 WL 662334, at *1 (S.D. Ill. Feb. 29, 2012) (emphasis added) (internal citations omitted).

Here, Merchant Lynx filed its motion for interlocutory appeal sixty-one (61) days after the Order was entered by Judge Ditter.  It does not provide justification for why it took two months to file it.  In fact, the only reason it can muster up for the delay is counsel for Merchant Lynx's failure to learn about the motion filed by CardConnect.  D.E. 59 at 6.  In fact, rather than defend the reasonableness of the delay, Defendant appears to argue that the Court should not apply even a reasonableness standard here.  *Id.*  However, as the case law cited herein supports, courts apply a reasonableness standard to the time to file for interlocutory appeal, and a two-month delay with no reasonable justification is unacceptable.  *Supra.*  Accordingly, the Court should rule that Merchant Lynx did not act diligently to file its motion for interlocutory appeal within a reasonable time frame, and therefore the motion should be denied as untimely.

### B.     The Court Should Refrain from Amending Judge Ditter's Summary Judgment Order to Certify it for Interlocutory Review on Appeal

To certify a non-final order for interlocutory appeal, "[t]he order must (1) involve a 'controlling question of law,' (2) offer 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed immediately, 'materially advance the ultimate termination of the

---

entered"); *Fabricant*, 2001 WL 883303 (forty-six day delay); *Ferraro v. Secretary of HHS*, 780 F. Supp. 978 (E.D.N.Y. 1992) (denying motion to certify as untimely after plaintiff's two-and-one-half-month delay).

litigation.'" *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (quoting 28 U.S.C. § 1292(b)).  Defendant claims that each of these mandatory elements are met.  As set forth below, Plaintiffs disagree.

First, the Order does not involve a "controlling issue of law" warranting appeal because "its incorrect disposition would [not] require reversal of the final judgment." *McMahon v. Medical Protective Co.*, No. 13-991, 2015 WL 4633698, at *3 (W.D. Pa. Aug. 3, 2015).  As shown above, the Court did not resolve disputed issues of material fact.  Nor did it fail to apply proper law regarding logical e-signature process.  In fact, the discrete summary judgment issue presented, that is, the relationship between the parties, is not appropriate for interlocutory review.  *Boyington v. Percheron Field Servs., LLC*, No. 3:14-CV-90, 2016 WL 1179216, at *4 (W.D. Pa. Mar. 24, 2016) ("The question of whether a binding settlement agreement did in fact come into existence is not appropriate for interlocutory appeal, as it is a factual question.")  Accordingly, Defendant fails to satisfy this required element.

Second, Merchant Lynx offers absolutely no caselaw to support the existence of a "difference of opinion" in order to warrant interlocutory appeal.  There exists substantial ground for difference of opinion "if there is genuine doubt or conflicting precedent as to the correct legal standard" or if multiple district courts within the Third Circuit have applied a given law in conflicting ways.  *Bradburn Parent Teacher Store, Inc. v. 3M*, No. 02-7676, 2005 WL 1819969 at *4 (E.D. Pa. Aug. 2, 2005).  Merchant Lynx admits there is no real difference of opinion within the law, but claims that that the law as it relates to the process of e-signature acceptance is so novel and lacking that appeal is appropriate.  D.E. 59.  That proposition is wrong.  First, this case does not involve the process of e-signature acceptance.  The Applications were required to be signed and were not.  The idea that they were electronically signed through a process was invented by the

Defendant's lawyers in this case after-the-fact to combat the obvious deficiency. Second, the law regarding the use of authentic, planned-for e-signature acceptance is robust.[4] The only thing that is novel here is the concept that there was some sort of electronic acceptance process as dreamed up by counsel this case. In addition, it is disingenuous for Merchant Lynx to now complain about Judge Ditter's approach in first addressing contract formation given that it was one that asked for the approach in the first place. And regardless, that decision was well within the Judge's discretion, it is too late to challenge that order (D.E. 32 (11/1/2017)), and the only reason Merchant Lynx does so now is because it did not result in the conclusion it was hoping for (other than delay).

Third, an appeal now would foster inefficiency as the issue presented is not dispositive in nature.

> [A]n immediate interlocutory appeal would not materially advance the ultimate termination of the case. Indeed, as Plaintiffs point out, this action is nearly two years old, extensive discovery has been taken and summary judgment entered as to the admittedly threshold legal issue. The necessary next steps here involve the filing of a class certification motion and the fashioning of an appropriate remedy, which may very well be injunctive relief. Given that immediate appeal may be taken from orders granting or denying class action certification . . . , the entry of an order certifying this matter for interlocutory appeal at this time would only operate to further delay the ultimate conclusion of this matter.

---

[4] *See* Pennsylvania Electronic Transactions Act, 73 Pa. Stat. § 2260 *et seq.* (including § 2260.301, use of electronic records and electronic signatures); Michelle Thurber Czapski & Matthew R. Rechtien, WHO PRESSED "ENTER," ANYWAY?: Enforcing Contracts in an Electronic World, 54 No. 10 DRI For Def. 54 (Oct. 2012) (noting that almost all states, including Pennsylvania as an early adopter in 1999, have adopted the Uniform Electronic Transactions Act in some form, which was designed to create uniformity of the law relating to electronic transactions among those states adopting the model act) (attached hereto as Exhibit 3); *In re Frascella Enterprises, Inc.*, No. ADV 06-0101, 2008 WL 2051115, at *8 (Bankr. E.D. Pa. May 8, 2008) ("Both federal and state law recognize the 'electronic signature'") (citing 15 U.S.C. § 7006(5) and Pennsylvania's Electronic Transactions Act).

*Augustin v. City of Philadelphia*, No. 14-CV-4238, 2016 WL 7042215, at *1 (E.D. Pa. Apr. 8, 2016).  The question the Court directed the parties to answer was to define the relationship between the parties and the terms of that relationship.  His findings and ruling accomplished that.  But to permit appeal now would not streamline the litigation, rather, it would simply add another lengthy step to increase the costs of the litigation and delay the ultimate resolution of this case.

Defendant has not come close to meeting any of the elements for certification of the non-final Memorandum and Order, nor has it proven this is the type of unusual case in which interlocutory review is justified.  The motion for certification should be denied.

## VI.    THE COURT SHOULD GRANT COUNSEL FOR PLAINTIFFS' FEES AND COSTS ASSOCIATED WITH THIS FILING AS IT SEES FIT

Counsel for Plaintiffs confronted counsel for Defendant with the incontrovertible fact that the motion was untimely and counsel for Defendant refused to withdraw the motion.  See Ex. 1. Counsel for Plaintiffs told counsel for Defendant that if forced to file a response, it would include a request for fees and costs associated with the filing.  During a telephone call with the Court on December 10, 2018, Your Honor said that it appeared on its face that the Motion was untimely. Nevertheless, during a call with Judge Hey on January 2, 2019, counsel for Merchant Lynx rejected the idea to mediate this case in significant part based on its pending motion to reconsider.  Counsel for Plaintiffs' time is valuable.  There must be repercussions for filing an untimely Motion and then insisting that the Motion be substantively heard and addressed by the Court before otherwise proceeding.  Accordingly, counsel for Plaintiffs now seeks its fees in the form of the value of the time spent in drafting, filing and arguing this motion.

## CONCLUSION

The Order and Opinion entered in this matter on September 21, 2018 were based on undisputed material facts and well-grounded in the applicable law.  The Defendant's motion to reconsider or certify for interlocutory review was filed untimely and regardless, is not warranted substantively.  Plaintiffs respectfully request that the Court **DENY** the Motion as soon as possible and enter an order for fees so the parties may proceed with discovery on the issue of class certification and move this matter toward its ultimate resolution.

**Dated:  January 10, 2018**

Respectfully submitted,

*/s/ KJG2445*
Richard M. Golomb, Esquire
Kenneth J. Grunfeld, Esquire
David J. Stanoch, Esquire
**GOLOMB & HONIK, P.C.**
1835 Market Street, Suite 2900
Philadelphia, PA 19103
Phone: (215) 985-9177
Fax:     (215) 985-4169
Email: rgolomb@golombhonik.com
            kgrunfeld@golombhonik.com
            dstanoch@golombhonik.com

*Attorneys for Plaintiffs and the Putative Class*

## **CERTIFICATE OF SERVICE**

I, Kenneth J. Grunfeld, Esquire, hereby certify that on this 10th day of January 2019, I caused a true and correct copy of the foregoing to be served on all counsel of record, via the Court's CM/ECF filing system.


                                                       s/ *Kenneth J. Grunfeld*

**Dated:  January 10, 2019**                               Kenneth J. Grunfeld