IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTY SALAD, INC. and 18TH STREET SALAD, INC., on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs*,<br>  v.<br><br>GROUNDHOG ENTERPRISES, INC., d/b/a MERCHANT LYNX SERVICES,<br><br>    *Defendant*. | CIVIL ACTION<br>NO. 17-226 |

**PAPPERT, J.**                                                                                                                            March 20, 2019

**MEMORANDUM**

      Liberty Salad, Inc. and 18th Street Salad, Inc. are two Philadelphia restaurants that sued their debit and credit card payment processing company, Groundhog Enterprises, Inc., which does business as Merchant Lynx Services, for charging unauthorized rates and fees. After reviewing the parties' cross-motions for summary judgment, Judge Ditter granted the Plaintiffs' motion and denied Merchant Lynx's. Merchant Lynx seeks reconsideration of Judge Ditter's Order or, in the alternative, certification for interlocutory review. For the reasons set forth below, Merchant Lynx's Motion for Reconsideration is denied as untimely and its request for certification for interlocutory review is also denied.

I

      Judge Ditter discussed the facts of this case in prior memoranda. *See* (ECF Nos. 17 & 51). Liberty Salad and 18th Street Salad filed their five-count class action Complaint on January 17, 2017. *See* (Compl., ECF No. 1). In Counts One and Two,

1

they alleged that no binding contract existed between the parties and, as a result, Merchant Lynx was unjustly enriched. *See* (*id.* at ¶¶ 67–77). In the remaining three counts, Plaintiffs pled an alternative theory of liability: if a contract existed, then Merchant Lynx breached it as well as the implied covenant of good faith and fair dealing, certain provisions of the contract were unenforceable and Merchant Lynx committed common law fraud. *See* (*id.* at ¶¶ 78–105). On February 7, the case was reassigned from Judge Savage to Judge Ditter. *See* (ECF No. 8). Merchant Lynx filed a Motion to Dismiss the Complaint for failure to state a claim. (Mot. Dismiss, ECF No. 10.) On July 7, Judge Ditter denied Merchant Lynx's Motion and deferred class certification, informing the parties that he would "set a discovery schedule aimed at narrowing the issues early so that the parties will be able to focus on one theory or the other—contract or no contract." (Mem. at 4–5, 5 n.1, ECF No. 17.) The parties then conducted discovery accordingly.

At the end of discovery, the parties both moved for summary judgment. *See* (ECF Nos. 46 & 47). On September 21, 2018, Judge Ditter ruled in the Plaintiffs' favor on that issue. *See* (Order, ECF No. 52). He found that the written Agreements between the parties required the signatures of Wells Fargo and its credit card processor, iPayment. *See* (Mem. at 3–7, ECF No. 51). However, because they were not timely signed, the Agreements "never took effect." (*Id.* at 5.) After determining there was no written contract between the parties, Judge Ditter held that "an implied contract was created" and set forth its terms. *See* (*id.* at 7–8). Sixty-one days after Judge Ditter's ruling, Merchant Lynx filed its Motion seeking reconsideration or, in the alternative, interlocutory review. (Mot. Recons., ECF No. 56.)

II

A motion for reconsideration should be granted "sparingly" and should not be used to "rehash arguments which have already been briefed by the parties and considered and decided by the [c]ourt." *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 744 (E.D. Pa. 2007) (citation omitted). It should not give a party a "second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). A party seeking reconsideration must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Thus, a motion for reconsideration may address "only factual and legal matters that the Court may have overlooked" and may not "ask the [c]ourt to rethink what it had already thought through—rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (citation omitted).

Merchant Lynx filed its Motion pursuant to Local Rule 7.1(g). Plaintiffs argue that the Motion is untimely because it was filed sixty-one days after Judge Ditter entered his Order granting summary judgment in their favor. *See* (Resp. Opp'n at 6–7). Local Rule 7.1(g) provides: "Motions for reconsideration or reargument shall be served and filed within fourteen (14) days after the entry of judgment, order, or decree

concerned, other than those governed by Federal Rule of Civil Procedure 59(e)." L. R. Civ. P. 7.1(g). The Motion is therefore untimely.[1]

A district court may "depart from the strictures of its own local procedural rules" where (1) "it has a sound rationale for doing so," and (2) doing so "does not unfairly prejudice a party who has relied on the local rule to his detriment." *United States v. Eleven Vehicles, Their Equip., and Accessories,* 200 F.3d 203, 215 (3d Cir. 2000). First, Merchant Lynx argues that the untimeliness of its Motion should be excused based on the timely filing of a defendant's motion in a related case. *See* (Reply Br. at 2–3, ECF No. 70). Merchant Lynx states that its case involves similar facts as *Kao v. CardConnect*, No. 2:16-5707 (E.D. Pa. 2017), which was also assigned to Judge Ditter before being reassigned to this Court, *see* (ECF No. 70). Following Judge Ditter's September 26, 2018 Order in the *Kao* case, *see* (ECF No. 69), CardConnect filed a motion for reconsideration on October 10, 2018, *see* (ECF No. 71). Merchant Lynx asserts that it learned about CardConnect's motion in November and consequently filed its own in an effort "to avoid inconsistent results" with that case. (Reply Br. at 2–3.) But the timeliness of a defendant's filing in one case obviously has no bearing on the untimeliness of a defendant's filing in a separate case. The fact that Merchant Lynx

---

[1] Although Merchant Lynx did not file its Motion under Rule 59(e), Plaintiffs correctly argue it would also be untimely under this rule. *See* (Resp. Opp'n at 6–7). Rule 59(e) requires that "a motion to alter or amend a judgment" be filed no later than twenty-eight days after the entry of the judgment. Fed. R. Civ. P. 59(e). Courts do not have discretion to extend the time limit of these motions. *See* Rule 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."); *see also* Fed. R. Civ. P. 59(e) advisory committee's note to 2009 amendment (explaining that although the 2009 Amendment to Rule 59(e) expanded the former period for filing such a motion from ten to twenty-eight days, "Rule 6(b) continues to prohibit the expansion of the 28-day period").

4

learned about CardConnect's motion a month later does not provide the Court with "a sound rationale" to depart from the local rules.

Second, Merchant Lynx argues that if the Court allows Plaintiffs to amend their Complaint to add new plaintiffs and iPayment as a defendant, "reconsideration of the Court's prior order permits iPayment to defend itself from the contention that an implied contract was formed with Plaintiffs and to defend the express written contract's viability." (Reply Br. at 3.)[2] Merchant Lynx cannot use Plaintiffs' request to include iPayment as a defendant as a sword to relitigate the case.

III

Alternatively, Merchant Lynx requests that the Court certify an order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The certification procedure is within the discretion of the district court. *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976). "The burden remains on the party seeking certification to demonstrate that 'exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment.'" *L.R. v. Manheim Tp. School Dist.*, 540 F. Supp. 2d 603, 608 (E.D. Pa. 2008) (quoting *Douris v. Schweiker*, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002)).

---

[2] In the joint Discovery Plan submitted on September 6, 2017, Plaintiffs included a deadline "to amend pleadings or add parties." *See* (ECF No. 25). On December 14, Judge Ditter ordered Plaintiffs to file their motion to amend the Complaint by December 27, which they did. *See* (ECF Nos. 36 & 37). Plaintiffs sought leave to add additional class representatives and iPayment as a defendant. *See* (ECF No. 37). Merchant Lynx filed its response on January 11, 2018. *See* (ECF No. 38). On February 7, Judge Ditter ordered that "Plaintiffs' motion for leave to file an amended complaint is held in abeyance until additional discovery has been completed." *See* (ECF No. 40). As a result, Plaintiffs' Motion was terminated by the Clerk's Office that day. The Motion is therefore not currently pending on ECF. The Court will return the Motion to the active docket.

A

Although 28 U.S.C. § 1292(b) does not impose a strict deadline for filing a motion for certification, the Seventh Circuit has held that the "petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675–76 (7th Cir. 2000) (citing *Richardson Elecs., Ltd. v. Panache Bd. of Pa., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000)) (emphasis in original).[3] That court has also cautioned district courts not to grant an "inexcusably dilatory request" without good reason for delay. *Richardson*, 202 F.3d at 958. Merchant Lynx sought certification two months after Judge Ditter entered his September 21 Order. Courts have held that a delay of two months or more is unreasonable. *See In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Product Liab. Litig.*, No. 3:09-02100, 2012 WL 662334, at *1 (S.D. Ill. Feb. 29, 2012) (citation omitted) ("[P]laintiff's petition comes more than two months after this Court ruled on the question of law at issue . . . [A] two-month delay is not reasonable").[4]

B

Even had Merchant Lynx requested certification under § 1292(b) sooner, it is nonetheless inappropriate here. A district court may certify an interlocutory order for immediate appeal if it: (1) involves a "controlling question of law;" (2) there is

---

[3] The statute requires the petition to be filed in the Court of Appeals within ten days of the district court's 1292(b) order, but there is no statutory deadline for filing the petition in the district court. *See Ahrenholz*, 219 F.3d at 676.

[4] *See, e.g.*, *Oasis Research, LLC, v. Carbonite*, No. 4:10-CV-435, 2015 WL 12829617 at *2 (E.D. Tex. June 11, 2015) ("Defendants offer no explanation or justification for their [two-and-one-half month] delay"); *Green v. City of N.Y.*, No. 05-CV-0429, 2006 WL 3335051, at *2 (E.D.N.Y. Oct. 23, 2006) (denying motion for certification of interlocutory appeal where no justification was offered for two-month delay); *Ferraro v. Sec'y of HHS*, 780 F. Supp. 978, 979 (E.D.N.Y. 1992) (denying motion to certify as untimely after plaintiff's two-and-one-half-month delay).

"substantial ground for difference of opinion" as to its correctness and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). All three criteria must be satisfied. *In re Blood Reagents Antitrust Litig.*, 756 F. Supp. 2d 637, 644 (E.D. Pa. 2010). The statutory factors, however, are merely a guide for the Court's discretion. *See Bachowski v. Usery,* 545 F.2d 363, 368 (3d Cir. 1976) ("The certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are present.").

i

Merchant Lynx argues that Judge Ditter "improperly encroached on the jury's role as factfinder when [he] determined the intent of the Agreements, that the parties formed an implied contract, and the terms of the implied contract" and that he "erred when he failed to apply the proper law regarding the use of electronic signatures." (Mot. Recons. at 16.) A "controlling question of law" is one in which either: (1) "if decided erroneously, would lead to reversal on appeal" or (2) is "serious to the conduct of the litigation either practically or legally." *Katz,* 496 F.2d at 755 (citations omitted). Saving the district court's time and the litigants' expenses is "a highly relevant factor." *Id.* (citation omitted). A question that "appears to be a controlling question of law" but nevertheless presents a question "about a court's application of the facts of the case to the established legal standards are not controlling questions of law for purposes of section 1292(b)." *Glover v. Udren*, No. CIV. 08-990, 2013 WL 3072377, at *2 (W.D. Pa. June 18, 2013) (citation omitted).

7

In *Ahrenholz*, the Seventh Circuit focused on the type of questions appropriate for a § 1292(b) appeal. 219 F.3d at 676–77. It concluded that a "question of law" refers to "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Id.* at 676. The term "question of law" does not mean the application of law to fact. *Id.* Instead, it is an abstract legal issue or "pure" question of law—matters that the court of appeals "can decide quickly and cleanly without having to study the record." *Id.* at 677. For example, the court stated that the "question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind." *Id.*; *see, e.g.*, *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 426 F. Supp. 2d 125, 128 (S.D.N.Y. 2005) ("While the meaning of a contract generally is considered to be a question of law for the court, a question of contract interpretation typically is not a 'controlling question of law' that serves as a basis for interlocutory appeal.").

Here, the issue is whether an express contract existed between the parties. Judge Ditter interpreted the intent of the parties, analyzed the language of the Agreements (including the fine print) and applied the law to the facts to conclude that there was no binding express contract. *See Boyington v. Percheron Field Servs., LLC*, No. 3:14-CV-90, 2016 WL 1179216, at *5 (W.D. Pa. Mar. 24, 2016) ("The question of whether a binding settlement agreement did in fact come into existence is not appropriate for interlocutory appeal, as it is a factual question."). Judge Ditter's decision does not present the "pure" question of law that interlocutory appeals were designed to address.

There is a "substantial ground for difference of opinion" when the matter involves "one or more difficult and pivotal questions of law not settled by controlling authority." *McGillicuddy v. Clements,* 746 F.2d 76, 76 n.1 (1st Cir. 1984). In other words, "[s]ubstantial grounds for difference of opinion exist where there is genuine doubt or conflicting precedent as to the correct legal standard." *Bradburn Parent Teacher Store, Inc. v. 3M,* Civ. A. No. 02–7676, 2005 WL 1819969, at *4 (E.D. Pa. Aug. 2, 2005). A moving party's citation to numerous conflicting decisions on the same issue might constitute a sufficient basis for the finding that substantial differences of opinion exist.[5] *See White v. Nix,* 43 F.3d 374, 378 (8th Cir. 1994) (finding that conflicting and contradictory opinions provide substantial ground for a difference of opinion)). Additionally, the absence of controlling law on a particular issue can constitute substantial grounds. *Chase Manhattan Bank v. Iridium Africa Corp.,* 324 F. Supp. 2d 540, 545 (D. Del. 2004). However, a court "should not certify questions of relatively clear law merely because the losing party disagrees with [its] analysis." *In re Chocolate*

---

[5] Merchant Lynx submitted a Supplemental Brief in support of its Motion, arguing that three cases from other districts support its position that an express binding contract exists between the parties. *See* (Supp. Br., ECF No. 77). While two of these cases "support[ ] Merchant Lynx's Motion for Summary Judgment and Motion for Reconsideration," (*id.* at 4.), they do not confront the issues that Merchant Lynx raises as substantial grounds for difference of opinion, namely "how to interpret the process provision" and Judge Ditter's discovery plan, (Mot. Recons. at 17). *See Cobra Tactical, Inc. v. Payment Alliance Int'l Inc.*, 315 F. Supp. 3d 1342 (N.D. Ga. January 4, 2018); *Alghadeer Bakery & Mkt., Inc. v. Worldpay US, Inc.*, No. 1:16-CV-03627, 2018 WL 5016496 (N.D. Ga. Oct. 16, 2018).

Although Merchant Lynx cites to *Big City Small World Bakery Café, LLC v. Francis David Corporation*, which mentions the establishment of a merchant account for the plaintiff, this opinion is relatively recent. 265 F. Supp. 3d 750 (E.D. Mich. 2017). No other court has relied on *Big City* in the context of e-signature law and "the lack of reliance . . . by other courts does not in and of itself create substantial grounds for a difference of opinion." *Paccar, Inc. v. Dorman Prod., Inc.*, No. CV 13-6383, 2016 WL 7429184, at *3 (E.D. Pa. Dec. 20, 2016); *see Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 724 (N.D. Tex. 2006) ("[S]imply because a court is the first to rule on a question . . . does not qualify the issue as one over which there is substantial disagreement.").

*Confectionary Antitrust Litig.*, 607 F. Supp. 2d 701, 706 (M.D. Pa. 2009) (citing *Elec. Mobility Corp. v. Bourns Sensors/Controls,* 87 F. Supp. 2d 394, 398 (D.N.J. 2000)). A

First, Merchant Lynx asserts that "it is not aware of much law on how to interpret the process provision of the electronic signature laws [and] that Judge Ditter's refusal to apply the process provision provides the Third Circuit with an opportunity to provide some guidance to the trial courts and the parties on this important issue." (Mot. Recons. at 17.) Pennsylvania recognizes e-signatures as valid means of legal assent. *See Dicent v. Kaplan Univ.*, No. 18-2982, 2019 WL 158083, at *2 n.4 (3d Cir. Jan. 10, 2019); *see also* 73 Pa. Stat. Ann. §§ 2260.301–.312. Under the Electronic Signatures in Global and National Commerce Act, an electronic signature means "an electronic sound, symbol, or process, attached to or logically associated with a contract or other record and executed or adopted by a person with the intent to sign the record." 15 U.S.C. § 7006(5). In his September 21 Opinion, Judge Ditter did not disregard existing e-signature law; rather, he applied established contractual principles to determine that the Agreements required the signatures of Wells Fargo and its credit card processor and that Wells Fargo's underwriting and approval process was insufficient to satisfy *both* signature requirements. *See* (Mem. at 6–7) (emphasis added). Merchant Lynx does not seek certification for interlocutory review so that it can ask the Third Circuit to analyze a novel issue, but rather to ask the Third Circuit to reconsider Judge Ditter's ruling.

Second, Merchant Lynx states that there is "no controlling law governing Judge Ditter's approach in requiring the parties to engage in early focused discovery on contract formation and then for Judge Ditter to act as factfinder regarding the intent of

10

the express agreements, the formation of the implied contract, and the terms of the implied contract." (Mot. Recons. at 17–18.) Courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery" to meet the needs of each case. *Crawford–El v. Britton,* 523 U.S. 574, 598 (1998). That is what Judge Ditter, in his discretion, did here. Merchant Lynx fails to offer any conflicting precedent on Judge Ditter's course of action. *See In re Kenneth Ingram, Inc.,* No. 04-2794, 2006 WL 902158, at *2 (D.N.J. Apr. 4, 2006) (declining to allow interlocutory appeal where movant failed to provide any cases or other authority demonstrating a difference of opinion on the legal standard).

iii

Finally, the moving party must establish that certification of the appeal materially advances the ultimate termination of the litigation by considering "whether an immediate appeal would (1) obviate the need for trial; (2) eliminate complex issues, thereby greatly simplifying the trial; or (3) eliminate issues thus making discovery much easier and less costly." *Wheeler v. Beard*, No. CIV.A.03-4826, 2005 WL 2108702, at *3 (E.D. Pa. Aug. 31, 2005) (citation omitted). Certification is thus more likely to materially advance the litigation where the appeal occurs early in the litigation, before extensive discovery has taken place and a trial date has been set. *Katz v. Live Nation, Inc.*, No. 09-3740, 2010 WL 3522792, at *3 (D.N.J. Sept. 2, 2010); *see also UnitedHealth Grp. Inc. v. MacElree Harvey, Ltd.*, No. 16-1026, 2016 WL 5239675, at *3 (E.D. Pa. Sept. 21, 2016) (holding that immediate appeal would materially advance termination of the litigation because the case was "early in its life-cycle" and "[s]ubstantial discovery ha[d] not yet occurred"). An interlocutory appeal at this point would be far from

11

"immediate." Where, as here, an action is nearly two years old, "extensive discovery" has been taken, summary judgment has been entered as to the "threshold legal issue" and the "necessary next steps" involve the "filing of a class certification motion and the fashioning of an appropriate remedy," an order certifying a matter for interlocutory appeal would not materially advance the case's ultimate termination. *Augustin v. City of Phila.*, No. 14-CV-4238, 2016 WL 7042215, at *1 (E.D. Pa. Apr. 8, 2016); *see In re: Domestic Drywall Antitrust Litig.*, No. 2437 13-MD-2437, 2016 WL 2941114, at *4 (E.D. Pa. May 20, 2016) ("But an interlocutory appeal, and any decision, would not make discovery significantly easier or less costly because the only remaining discovery in these cases is that related to class certification, antitrust injury, and damages. The great bulk of discovery, on the issue of an agreement, has been completed.").

IV

Plaintiffs' counsel seeks fees and costs associated with filing their responses to Merchant Lynx's Motion for Reconsideration and Motion for Leave to File a Supplemental Brief. *See* (ECF Nos. 68 & 74). While Merchant Lynx's Motion was neither timely nor meritorious, this case has a unique factual and procedural history and the Court does not find that Merchant Lynx acted in bad faith.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.